UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| BRIAN JONES,                )<br>                                                         )<br>            CREDITOR/APPELLANT  )<br>                                                         )<br>v.                                               )<br>                                                         )<br>RICHARD D. VERMEULEN,  )<br>                                                         )<br>            DEBTOR/APPELLEE        ) | CIVIL NO. 1:21-CV-45-DBH |

**DECISION AND ORDER ON BANKRUPTCY APPEAL**

    This is an appeal from a bankruptcy court order.  The creditor/appellant has challenged the value of the debtor/appellee's claimed homestead exemption.  The creditor argues that the "complete snapshot" rule the First Circuit adopted in In re Rockwell should apply not only to the *validity* of the exemption (as in In re Rockwell), but also to the *value* of the exemption.  See In re Rockwell, 968 F.3d 12 (2020).  He agrees that the holding of In re Rockwell does not involve value, but argues from the split Ninth Circuit decision in Wilson that it should, and that a holding to that effect would govern the administration of many bankruptcy cases in this District in the future.  See Wilson v. Rigby, 909 F.3d 306 (2018).  The debtor argues that I should not extend In re Rockwell the way the creditor asks and, in any event, that the bankruptcy court decision here was based alternatively on the basis that the creditor failed to develop an adequate factual record to sustain his position.

    After oral argument on June 16, 2021, I agree with the debtor/appellee. The bankruptcy court did conclude that it was "also unpersuaded as a matter of

law" that the In re Rockwell snapshot rule should apply to value. But it did so after first focusing on the inadequacy of the factual record to sustain the creditor's argument. Order Overruling Obj. to Exemption at 2 ("Because Jones has not met his burden of proving that the residence exemption was improperly claimed, his objection cannot be sustained," (citing Fed. R. Bankr. P. 4003(c))) (ECF No. 7-6). The bankruptcy court pointed out that neither party had requested a testimonial hearing, but relied on documents and assertions. The bankruptcy court characterized the creditor's position as arguing that the value "should be capped at the prepetition, tax-assessed value of the property." The court decided that "the tax-assessed value . . . may not reflect the fair market value of the property as of the petition date. These considerations alone weigh heavily against [the creditor's] attempt to fix the value of the exemption at the asserted tax-assessed value of the property." Id.

Although the creditor/appellant would prefer a holding about the scope of In re Rockwell, and argues that, practically, a creditor will not go to the expense of creating a factual record about value unless there is first assurance that the snapshot rule applies to value, I must affirm the bankruptcy court findings of fact unless they are clearly erroneous. They are not, and the bankruptcy court's Order based upon burden of proof is **AFFIRMED**.

SO ORDERED.

DATED THIS 17TH DAY OF JUNE, 2021

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**